Magistrate Judge Brian A. Tsuchida

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> SCHUYLER PYATTE BARBEAU, <br><br> Defendant. | NO. MJ15-542JPD <br><br> GOVERNMENT'S SUBMISSION REGARDING *FARETTA* |

The United States of America, by and through Annette Hayes, United States Attorney for the Western District of Washington, and Thomas M. Woods, Assistant United States Attorney for said District, respectfully submits this memorandum regarding *Faretta*.

At the initial appearance, Barbeau indicated that he might wish to proceed *pro se*. The Court should inquire at the detention hearing whether Barbeau wishes to proceed with the assistance of counsel or instead represent himself. If he wishes to represent himself, the Court should conduct a *Faretta* inquiry.

While a defendant has the constitutional right to self-representation, the decision to waive the right to counsel is valid only if it is "timely, not for the purposes of delay, unequivocal, and knowing and intelligent." *United States v. Keen*, 96 F.3d 425, 427

Submission Regarding *Faretta* - 1
U.S. v. Barbeau, MJ15-542JPD

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

(9th Cir. 1996), *amended by* 104 F.3d 1111 (9th Cir. 1997); *Faretta v. California*, 422 U.S. 806, 835 (1975).  In order to establish that a defendant has knowingly and intelligently waived his right to counsel, the Ninth Circuit requires that the defendant be made aware of the "three elements of self-representation: '[I]t must be established that the defendant was 'aware of the nature of the charges against him, the possible penalties, and the dangers and disadvantages of self-representation.'" *Keen*, 96 F.3d at 427-28 (quoting *United States v. Mohawk*, 20 F.3d 1480, 1484 (9th Cir. 1994)).

As an initial matter, the United States notes that a model inquiry for federal judges is set forth in 1 Bench Book for United States District Judges § 1.02 (5th ed. 2007). While other circuits have required federal judges to follow this meticulous litany, *United States v. McDowell*, 814 F.2d 245, 249-52 (6th Cir. 1987), the Ninth Circuit has opted for a more fluid approach, *Keen*, 96 F.3d at 427.

Nonetheless, the United States suggests that the Court follow the model inquiry set forth in the Bench Book and supplement the inquiry, if necessary, to ensure that the following topics are covered with the defendant.

**A.     Defendant's Waiver of Counsel is Unequivocal**

The defendant must unequivocally state on the record that he is aware that he has a constitutional right to be represented by counsel, but that he desires to waive that right and proceed *pro se*.

**B.     Defendant's Background and Experience**

1. The defendant's educational background.
2. The defendant's work experience.
3. The defendant's training in the law and knowledge of the legal system, including whether he has ever studied law.
4. The defendant's prior experience with the legal system (as party, juror, or witness).
5. The defendant's physical and mental health.

Submission Regarding *Faretta* - 2
U.S. v. Barbeau, MJ15-542JPD

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

6. Whether any threats or promises have been made by anyone to influence the defendant's decision.

### C. The Nature of the Charges

The defendant is charged in the Complaint with unlawful possession of an unregistered firearm, in violation of Title 26, United States Code, Sections 5861(d) and 5845(a)(3).

The elements of this offense are as follows:

First, the defendant knowingly possessed a short-barreled rifle; and

Second, that firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.

### D. The Complaint

The Court should inquire as to whether the defendant has been provided with a copy of the Complaint, has read the Complaint, and understands the charge contained therein.

### E. The Possible Penalties

The maximum statutory penalty for the offense is as follows: imprisonment for up to ten years, a fine of up to $10,000, a period of supervision following release from prison of up to three years, and a special assessment of one hundred dollars.

The defendant should be advised that once released from prison, he will serve a term of supervised release, which should be explained to the defendant.

The defendant should be advised that they are advisory Sentencing Guidelines that may have an effect on his sentence if he is found guilty.

The defendant should be advised that under the Sentencing Guidelines, parole has been abolished and that the defendant will serve virtually all of his sentence in prison.

### F. The Dangers and Disadvantages of Self-Representation

The Ninth Circuit also has provided some guidance as to the areas that the Court should cover in explaining the dangers and disadvantages of self-representation. As the

Submission Regarding *Faretta* - 3
U.S. v. Barbeau, MJ15-542JPD

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Court stated in *United States v. Hayes*, 231 F.3d 1132, 1138 (9th Cir. 2000):

> We do not intend to set forth what would be a minimum explanation to meet the "dangers and disadvantages" demands of *Faretta*. Having said this, we believe that the necessary explanation need not be lengthy or pedantic; it should not be as complex and rigid as is now required in the taking of a guilty plea. There is no required formula. For example, and for the sole purpose of giving guidance to the district courts, we believe that the following illustrative discussion comports with *Faretta*'s requirements:
>
> The court will now tell you about some of the dangers and disadvantages of representing yourself. You will have to abide by the same rules in court as lawyers do. Even if you make mistakes, you will be given no special privileges or benefits, and the judge will not help you. The government is represented by a trained, skilled prosecutor who is experienced in criminal law and court procedures. Unlike the prosecutor you will face in this case, you will be exposed to the dangers and disadvantages of not knowing the complexities of jury selection, what constitutes a permissible opening statement to the jury, what is admissible evidence, what is appropriate direct and cross examination of witnesses, what motions you must make and when to make them during the trial to permit you to make post-trial motions and protect your rights on appeal, and what constitutes appropriate closing argument to the jury.

The United States also requests that the Court review the following matters:

1. The defendant's familiarity with the Federal Rules of Evidence. The defendant should be advised that the Federal Rules of Evidence will govern what evidence may or may not be introduced at trial and that the defendant must abide by those rules in representing himself.

2. The defendant's familiarity with the Federal Rules of Criminal Procedure. The defendant should be advised that these rules govern the way in which a criminal action is tried in federal court.

3. The defendant should be vigorously warned about the dangers of self-representation including limited access to investigators, law books and other legal resources.

4. The defendant should be advised that he must meet the standards of a practicing attorney in dealing with courtroom procedures and in conducting himself in the courtroom.

Submission Regarding *Faretta* - 4
U.S. v. Barbeau, MJ15-542JPD

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5. The defendant should be advised that he would be required to prepare jury instructions and he should be warned of the complicated nature of those instructions in a conspiracy, fraud and money laundering case.

6. The Court should fully advise the defendant of the benefits of being represented by an attorney.

7. The Court should also question the defendant's ability to act as his own attorney.

DATED: December 8, 2015

          Respectfully submitted,

          ANNETTE L. HAYES
          United States Attorney

          */s/ Thomas M. Woods*
          THOMAS M. WOODS
          Assistant United States Attorney
          United States Attorney's Office
          700 Stewart Street, Suite 5220
          Seattle, Washington 98101-1271
          Phone: (206) 553-7970
          Email: Thomas.Woods2@usdoj.gov

Submission Regarding *Faretta* - 5
U.S. v. Barbeau, MJ15-542JPD

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Western District of Washington and is a person of such age and discretion as to be competent to serve papers;

It is further certified that on December 8, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants.

/s/ Salee Porter
SALEE PORTER
Paralegal
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-7970
Fax:   (206) 553-0755
E-mail: Salee.Porter@usdoj.gov

Submission Regarding *Faretta* - 6
U.S. v. Barbeau, MJ15-542JPD

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970