Judge Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR15-391RAJ |
|---|---|
| Plaintiff | |
| | MOTION FOR PROTECTIVE ORDER REGARDING DISCOVERY MATERIALS |
| v. | |
| | Noted: January 8, 2015 |
| SCHUYLER PYATTE BARBEAU, | |
| Defendant. | |

The United States moves pursuant to Rule 16(d)(1) for a protective order restricting the dissemination of discovery in this matter that references the informant or the names of any law enforcement officers.

On December 16, 2015, a grand jury returned an indictment charging Schuyler Barbeau with illegally possessing an unregistered short-barreled rifle. After the indictment was returned, ATF confirmed that the short-barreled rifle also operated as a fully-automatic machine gun.

As outlined at the detention hearing, Barbeau repeatedly made statements about killing law enforcement officers. As just a few examples:

    a. On November 4, 2015, Barbeau, referencing a friend's legal troubles, said during a recorded conversation: "Forget the court. Wait for them (referring to law enforcement) to come and we'll shoot them." He

Motion for Protective Order
U.S. v. Barbeau, CR15-391RAJ - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      further stated: "When they come, I want to be there, because I'm gonna shoot'em."

    b. During that same recording, Barbeau, speculating as to why he had not yet been arrested, stated: "Is it worth losing two, three, four guys to try to serve an arrest warrant? Is it worth having a bunch of our own guys getting' killed, just to try to bring one guy in?"

    c. On October 12, 2015, Barbeau posted on Facebook: "That guy that killed 168, ya he's my hero. Hes the only person I know that didn't like how the federal government is. and actually did something against them." Barbeau was referring to Timothy McVeigh, who killed 168 people during the Oklahoma City bombing, nineteen of whom were children at a day care facility.

After Barbeau was arrested, supporters of Barbeau threatened the confidential source in this case on multiple occasions. Supporters also posted details about the source on the internet, including the source's identity.

Supporters also have attempted to intimidate the agents working on this matter. For example, a supporter posted on the internet what he thought was the home address of one of the agents in this case, along with the name of the agent's spouse. A supporter challenged another agent to "hand to hand combat." That same supporter, addressing the "captors" of Barbeau, wrote: "1. You're gonna lose allot of sleep. 2. Or you're voluntarily going to sleep permanently."

The discovery materials in this case contain numerous references to the source as well as the identities of particular agents involved in the investigation. In light of the circumstances outlined above, the government is concerned that the discovery materials will be used by Barbeau's supporters as part of an attempt to further intimidate and harass the source and the agents in this matter. Accordingly, the government proposes the attached protective order which, to the extent the materials reference the source or any particular agents: (1) grants Barbeau and his attorney access to all of the discovery materials; (2) restricts the dissemination of the materials outside the defense team;

Motion for Protective Order  
U.S. v. Barbeau, CR15-391RAJ - 2

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

and (3) requires that the materials remain in the possession of Barbeau's attorneys and their staff, as well as any experts who are retained in this matter.

The Court has the authority to enter the proposed protective order. Rule 16(d)(1) grants the Court broad discretion to issue protective orders to "deny, restrict, or defer discovery or inspection" for good cause. Fed. R. Crim. Pr. 16(d). The Supreme Court has explained that "the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). Protective orders are particularly appropriate where there are concerns about the safety of witnesses. *See* 1966 Advisory Committee Notes to Federal Rule of Criminal Procedure 16.

In sum, the Court should enter the attached, proposed protective order.

DATED: December 30, 2015

Respectfully submitted,

ANNETTE L. HAYES
United States Attorney

*/s/ Thomas M. Woods*
THOMAS M. WOODS
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone: (206) 553-7970
Fax: (206) 553-0755
E-mail: thomas.woods2@usdoj.gov

Motion for Protective Order
U.S. v. Barbeau, CR15-391RAJ - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Western District of Washington and is a person of such age and discretion as to be competent to serve papers;

It is further certified that on December 30, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants.

*/s/ Thomas M. Woods*
THOMAS M. WOODS
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-7970
Fax:   (206) 553-0755
E-mail: thomas.woods2@usdoj.gov

Motion for Protective Order
U.S. v. Barbeau, CR15-391RAJ - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970