1

Judge Richard A. Jones

2

3

4

5

6                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
7                              AT SEATTLE

8
| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR15-391RAJ |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S MOTION |
| | ) | REGARDING JUSTIFICATION |
| vs. | ) | DEFENSE INSTRUCTIONS AT TRIAL |
| | ) | |
| SCHULYER P. BARBEAU | ) | **Note for: March 4, 2016** |
| | ) | *EVIDENTIARY HEARING REQUESTED* |
| Defendant. | ) | |
| | ) | |

        The defendant, Schulyer Barbeau, through counsel, Assistant Federal Public

Defender Dennis Carroll, submits this Motion and Declaration in support of his request

that the fact-finder be given instructions regarding justification (i.e. defense of self and

others) at trial.

**I.      Procedural History.**

        On December 16, 2015, Mr. Barbeau was indicted on one count of Possession of

an Unregistered Firearm (a short barreled rifle), in violation of 26 U.S.C. §§ 5861(d)

and 5845(a)(3). The Government has informed defense counsel that it plans to seek a

superseding indictment charging Mr. Barbeau with an additional offense, Possession of

a Machine Gun, in violation of 18 U.S.C. § 922(o). Both counts will be addressed

herein. Trial is currently scheduled for May 2, 2016.

//

//

DEFENDANT'S MOTION RE: JUSTIFICATION
DEFENSE INSTRUCTIONS AT TRIAL - 1
*USA v. Barbeau* / CR15-391RAJ

## II.   Factual Background.

Federal agents received information from a confidential source that Mr. Barbeau owned a short barreled rifle. Mr. Barbeau gave the rifle to the confidential source so the source could sell it. Agents obtained the rifle from the confidential source and verified that it is an unregistered, fully automatic, short barreled rifle.

Mr. Barbeau is not a felon. In fact, he has no prior criminal convictions. He is not a drug user, nor has he been adjudicated as mentally ill. Indeed, he served four years in the United States Marine Corps, after which he was honorably discharged. He then served four years in the National Guard.

There is no dispute that Mr. Barbeau knowingly possessed the above firearm or that he was aware of its basic characteristics (short barreled rifle and fully automatic).

Mr. Barbeau submits the attached declarations in support of his request for jury instructions regarding a justification defense. *See* Exhibit 1 (Declaration of Mr. Barbeau) and Exhibit 2 (Declaration of Allen Aenk). These declarations set forth the reasons that Mr. Barbeau believed that he was under an unlawful and present threat of death or serious bodily injury, that he did not recklessly place himself in such a situation, that he had no reasonable legal alternative, and that he possessed the firearm to protect himself and others from the threatened harm. If the Court determines that these declarations are insufficient to present a justification defense at trial, Mr. Barbeau requests an evidentiary hearing prior to trial to supplement the record.[1]

In his declaration, Mr. Barbeau explains the reasons why he possessed this particular type of firearm. A fully automatic, short barreled rifle provides the necessary maneuverability and firepower to meet the threats that he, and most citizens, face in this country. Exhibit 1. These threats come from criminals, terrorists, foreign forces, and

---

[1] Mr. Barbeau intends to present the same type of information in support of his motion to dismiss based on the Second Amendment which will be filed separately from this motion.

DEFENDANT'S MOTION RE: JUSTIFICATION
DEFENSE INSTRUCTIONS AT TRIAL - 2
*USA v. Barbeau* / CR15-391RAJ

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1  sometimes domestic authorities. *Id*. All of these threats are comprised of individuals

2  who have access to powerful weapons. *Id*. In order to effectively defend himself and

3  others, Mr. Barbeau reasonably believed that a fully automatic, short barreled rifle was

4  necessary. *Id*.

5       Mr. Barbeau asks that this issue be heard in advance of the actual trial. If the

6  Court determines that his offer of proof is insufficient to warrant a necessity defense

7  and also denies Mr. Barbeau's other pretrial motions, then he will likely request a

8  stipulated facts trial in order to preserve his issues for appeal.

### III.   Based on his proffer, this Court should find that Mr. Barbeau is entitled to present a justification defense at trial.

11      In *Heller*, the Supreme Court explained the Second Amendment safeguards the

12  "inherent right to self-defense" by protecting from undue government interference the

13  right of citizens to protect themselves, their abodes, and their property—"to use arms in

14  the defense of hearth and home." *Id*. at 652, 679. While acknowledging that rights

15  secured by the Second Amendment are not unlimited, the *Heller* Court stressed that

16  government restrictions on the right to possess firearms are especially suspect when

17  applied to "the home, where the need for defense of self, family, and property is most

18  acute." *Id*. at 628.

19      A criminal defendant has the right to have a jury resolve disputed factual issues.

20  *United States v. Dorrell*, 758 F.2d 427, 430 (9th Cir.1985). A defendant is entitled to

21  "instructions relating to a theory of defense for which there is any foundation in the

22  evidence, even though the evidence may be weak, insufficient, inconsistent, or of

23  doubtful credibility." *United States v. Lemon*, 824 F.2d 763, 764 (9th Cir.1987).

24      A justification defense is available in firearm possession cases. *See United States*

25  *v. Wofford*, 122 F.3d 787, 790 (9th Cir. 1997); *United States v. Nolan*, 700 F.2d 479

26  (9th Cir. 1983). Before a justification defense can be considered, the defendant must

DEFENDANT'S MOTION RE: JUSTIFICATION
DEFENSE INSTRUCTIONS AT TRIAL - 3
*USA v. Barbeau* / CR15-391RAJ

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1   demonstrate some evidence of the following elements: (1) he was under unlawful and

2   present threat of death or serious bodily injury; (2) he did not recklessly place himself

3   in a situation where he would be forced to engage in criminal conduct; (3) he had no

4   reasonable legal alternative; and (4) there was a direct causal relationship between the

5   criminal action and the avoidance of the threatened harm. *See Wofford*, 122 F.3d at

6   790.[2]

7         Mr. Barbeau's declaration (Exhibit 1) and the supporting declaration of Allen

8   Aenk (Exhibit 2) provide sufficient evidence that Mr. Barbeau and the Aenk family

9   were under a present threat of death or serious bodily injury. The Aenks had received

10   threats against their lives and were the victims of a recent crime. Even apart from the

11   specific situation faced by the Aenk family, Mr. Barbeau had a reasonable belief that he

12   faced threats from multiple groups. Those threats (criminals, terrorists, etc.) alone

13   justify his actions in this case.

14         Mr. Barbeau did not recklessly place himself in a situation where he would be

15   forced to engage in criminal conduct. Mr. Barbeau, a trained Marine, was asked to

16   assist friends. Just like any good Samaritan who comes to the aid of others, he should

17   be allowed to pursue means to protect himself and others.

18         Mr. Barbeau did not have a reasonable legal alternative. As noted above, Mr.

19   Barbeau should not be required to show that he had no reasonable legal alternative.

20   Nonetheless, as outlined in his declaration, other types of firearms, which are not

21   prohibited, would not have been sufficiently maneuverable in close quarters, nor would

22

23   [2] Although Mr. Barbeau believes the evidence would satisfy these elements, he also asserts that

24   these elements do not sufficiently honor the important liberty interest which the Second
Amendment seeks to protect. Specifically, he should not be required to show that he had no

25   reasonable legal alternative. The Second Amendment enshrines the rights of citizens to protect
themselves and others. Citizens should not be required to pursue all other reasonable

26   alternatives before possessing a firearm with sufficient capability to protect themselves from
threats of harm.

DEFENDANT'S MOTION RE: JUSTIFICATION
DEFENSE INSTRUCTIONS AT TRIAL - 4
*USA v. Barbeau* / CR15-391RAJ

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1   they have sufficient firepower to provide an adequate defense against the threats faced

2   by Mr. Barbeau and the Aenks.

3        Finally, there was a direct causal relationship between Mr. Barbeau's criminal

4   action (possession of the firearm) and the avoidance of the threatened harm. Mr.

5   Barbeau procured this firearm specifically to address the threats that he, the Aenks, and

6   citizens in general face in today's society.

7   **IV.  CONCLUSION.**

8        For the reasons outlined above, Mr. Barbeau asks this Court for a pretrial ruling

9   granting his request that he be allowed to present a justification defense at trial with

10  corresponding jury instructions supporting the defense.

11       DATED this 23rd day of February, 2016.

12                                Respectfully submitted,

13

14                                s/ *Dennis Carroll*
                                  Dennis Carroll
15                                Assistant Federal Public Defender
                                  Attorney for Schuler Barbeau
16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S MOTION RE: JUSTIFICATION
DEFENSE INSTRUCTIONS AT TRIAL - 5
*USA v. Barbeau* / CR15-391RAJ

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, I filed the foregoing Defendant's Motion Re: Justification Defense Instructions at Trial with the Clerk of the Court using the CM/ECF system, which will send notification of filing to all parties of record.

DATED this 23rd day of February, 2016.

s/ *Kathleen Gilkey*
Kathleen Gilkey, Paralegal

DEFENDANT'S MOTION RE: JUSTIFICATION
DEFENSE INSTRUCTIONS AT TRIAL - 6
*USA v. Barbeau* / CR15-391RAJ

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**