Judge Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SCHULYER P. BARBEAU<br><br>Defendant. | NO. CR15-391RAJ<br><br>DEFENDANT'S MOTION RE: THE GOVERNMENT SHOULD BE REQUIRED TO PROVE THE DEFENDANT KNEW THAT POSSESSION OF A FULLY AUTOMATIC, SHORT BARRELED RIFLE WAS ILLEGAL<br><br>**Note for: March 4, 2016** |

The defendant, Schulyer Barbeau, through counsel, Assistant Federal Public Defender Dennis Carroll, submits this motion for a determination of the necessary elements required to sustain a conviction. In short, Mr. Barbeau asks this Court to find that the Government must prove that Mr. Barbeau knew that it was illegal for him to possess an unregistered short barreled rifle that was also fully automatic.

**I.   Procedural History.**

On December 16, 2015, Mr. Barbeau was indicted on one count of Possession of an Unregistered Firearm (a short barreled rifle), in violation of 26 U.S.C. §§ 5861(d) and 5845(a)(3). The Government has informed defense counsel that it plans to seek a superseding indictment charging Mr. Barbeau with an additional offense, Possession of a Machine Gun, in violation of 18 U.S.C.§ 922(o). Both counts involve the same firearm and will be addressed herein. Trial is currently scheduled for May 2, 2106.

DEFENDANT'S MOTION RE:GOVT SHOULD BE REQUIRED TO PROVE THAT DEFENDANT KNEW - 1
*USA v. Barbeau* / CR15-391RAJ

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

**II.    Factual Background.**

According to the Complaint, Dkt #1, federal agents received information from a confidential source that Mr. Barbeau owned a short barreled rifle. Mr. Barbeau gave the rifle to the confidential source so the source could sell it. Agents obtained the rifle from the confidential source and verified that it is a fully automatic, unregistered short barreled rifle. After Mr. Barbeau's arrest, he admitted to owning the rifle.

For purposes of this motion, Mr. Barbeau makes the following offer of proof. Mr. Barbeau does not dispute that he possessed the weapon described above, nor does he dispute that he knew the length of the barrel and that the firearm was fully automatic. Mr. Barbeau would testify that he researched what he believed to be relevant federal statutes and the Code of Federal Regulations. Based on his research and conversations with others, he believed that he was under no obligation to register his firearm because he built it himself. He also believed that federal law did not prohibit him from possessing a fully automatic firearm.

**III.   Argument.**

Mr. Barbeau believed that the homemade characteristics of his firearm placed it outside the reach of federal laws prohibiting possession of an unregistered, short barreled rifle and laws prohibiting the possession/manufacturing of a machine gun. He recognizes that current Supreme Court and Ninth Circuit precedent do not require the Government to prove that a defendant knew that his conduct was, in fact, prohibited under federal law, but only that the defendant knew that the firearm had the characteristics (short barreled rifle and fully automatic) that brought it within the statutory framework. *See Staples v. United States,* 511 U.S. 600 (1994); *United States v. Gergen*, 172 F.3d 719, 725 (9th Cir. 1999) ("Contrary to defendant's assertion, the law does not require the finding that defendant knew the shotgun was illegal. However, it

DEFENDANT'S MOTION RE:GOVT SHOULD BE REQUIRED TO PROVE THAT DEFENDANT KNEW - 2
*USA v. Barbeau* / CR15-391RAJ

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

does require that defendant was aware of the features that brought the weapon within the scope of the Act.").

Although it is generally true that "ignorance of the law is no excuse," the right to possess firearms for self-defense is an important right enshrined in the U.S. Constitution, and in light of the confusing statutory and regulatory framework regarding firearms, the Ninth Circuit and U.S. Supreme Court should reconsider their previous holdings on this point.

DATED this 23rd day of February, 2016.

Respectfully submitted,

s/ *Dennis Carroll*
Dennis Carroll
Assistant Federal Public Defender
Attorney for Schuler Barbeau

DEFENDANT'S MOTION RE:GOVT SHOULD
BE REQUIRED TO PROVE THAT
DEFENDANT KNEW - 3
*USA v. Barbeau* / CR15-391RAJ

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, I filed the foregoing Defendant's Motion Re: Government Should Be Required to Prove with the Clerk of the Court using the CM/ECF system, which will send notification of filing to all parties of record.

DATED this 23rd day of February, 2016.

s/ <i>Kathleen Gilkey</i><br>Kathleen Gilkey, Paralegal

DEFENDANT'S MOTION RE:GOVT SHOULD BE REQUIRED TO PROVE THAT DEFENDANT KNEW - 4
*USA v. Barbeau* / CR15-391RAJ

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**