Judge Richard Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>V.<br><br>SCHUYLER BARBEAU,<br><br>　　　　　　Defendant. | NO. 2:15-CR-00391-RAJ<br><br>**DEFENDANT'S MOTION TO CONTINUE TRIAL DATE**<br><br>**ARGUMENT REQUESTED** |

MOTION

The defendant, Schuyler Barbeau, by and through his attorney, Walter Peale respectfully files this motion to continue his trial date and to reset time to file pretrial motions.

CURRENT TRIAL DATE

On April 5, 2016 the Court permitted Dennis Carroll to withdraw as counsel. Trial was scheduled for May 2, 2016. On April 8, 2016, I was appointed as counsel. On April 19, 2016 a stipulated motion to continue trial was filed and approved by the Court.[1] The reason for the continuance was Walter Peale's schedule of anticipated trials in State Court. The new/current trial date is November 7, 2016.

**DEFENDANT'S MOTION
TO CONTINUE TRIAL DATE**　　　　　1

## REQUESTED NEW TRIAL DATE

Mr. Barbeau asks for a new trial date on January 30, 2017.

## REASONS TO CONTINUE MATTER.

The reason for continuance now is the time I spent defending the cases in State Court has resulted in a lack of adequate and effective contact with the defendant to properly prepare the defense case. When the November trial date was set counsel had several hard set preassigned cases. Each case was anticipated to take 3 to six weeks for jury trial. Several other cases were expected to settle without trial. November 7 appeared to be a realistic trial date. In fact, the settlement of cases and the cases that went to trial is different than anticipated.

In addition to CJA panel assignments, I regularly take cases by appointment in three different counties and private cases state wide. With few exceptions the matters are Class A felony charges. During the past 12 months I have been regularly and consistently in trial on serious violent and serious sexual offenses. With each trial, other matters on my case load were moved back resulting in a bubble of cases waiting to be resolved. I work alone. It takes some time to resolve the jam when a backup occurs. I have been diligent in my efforts to reasonably and ethically resolve cases that can be resolved and take to trial those cases that must be tried. I have tried to manage my calendar to create as little problem for this court and plaintiff as possible. Yet, the first requirement is that Mr. Barbeau receive effective assistance by counsel.

As often happens in state court, cases were settled, continued and tried in a different order than was anticipated. The altering of the schedule was due in part to factual and legal issues, conflicting schedules of witnesses, prosecutors, jurors and defense counsel. From September 2015 to date I have been in one jury trial or another for approximately 10 months.

1  From April 8, 2016 to date I have been in trial for more than 4 months.  While conducting one
2  trial I was at the same time actively preparing for the next case in line.

3  Between April 8, 2016 and today I have had several face to face meetings with
4  Mr. Barbeau.  I have familiarized myself with the procedural history and the facts of his case.
5  While the government sees this case as a simple one, and describes legal theories that may be
6  raised by Mr. Barbeau as frivolous, I have a duty to reasonably research issues, evaluate facts
7  and defenses and provide meaningful advice and counsel to Mr. Barbeau.  I have not had
8  sufficient and adequate time to do that.

9  Mr. Barbeau is not the only client affected by my trial schedule. For each hour I
10 am in court I expend many hours in investigation, research and preparation for trial.  In addition,
11 I deal with personal health issues, family matters and other personal needs.  Fatigue contributes
12 to the amount of time I spend on Mr. Barbeau's case.

13 I am not expert on the issues implied by a defense to the accusations made by the
14 government.  I have an ethical duty to take sufficient time to become sufficiently expert to
15 provide my client good counsel.  Mr. Barbeau's defense presents many theories relating to the
16 application, validity and interpretation of constitutional and statutory law.  I need more time to
17 evaluate and discuss the extensive case law and literature to make a proper record at the trial
18 court level and give competent advice. I have not had adequate time to do that. While many
19 issues are not fact questions for a  jury, legal issues need to be raised and resolved before the trier
20 of fact considers the proofs

21 Also pressing on my time with Mr. Barbeau is the matter of the mitigation of a
22 capital case filed in Snohomish County Superior Court.  In State v Ivanov, three counts of
23 aggravated first degree murder are filed.  If convicted there are only two punishments: life
24

**DEFENDANT'S MOTION**
**TO CONTINUE TRIAL DATE          3**

without parole and death.[2]  By statute the defense is granted 30 days to prepare a report to the county prosecuting attorney giving reasons in mitigation of the death penalty to persuade the prosecutor to not seek a death penalty.[3]  The prosecutor has agreed to an additional 90 days with a request to have all mitigation presented by December 2, 2016.  After reviewing mitigation the prosecutor will give his decision by December 20, 2016.[4]

        I am qualified by the Washington Supreme Court to act as first chair for trial of a capital case. [5] By rule, a death qualified trial lawyer must be appointed to represent the defendant in a potential capital case.[6]  There are not many lawyers on the list.  The appointing authority explained that most are unavailable.  I was appointed.  To discharge my required duty  I must devote as much time as possible to the mitigation effort.  To that end I have declined new case referrals, I have worked diligently to resolve cases, where I can ethically do so, without trial or sought a continuance beyond the period of mitigation to free up time for the mitigation effort.

        As it relates to Mr. Barbeau, the time spent in preparation and trial of the cases listed below[7], my lack of effective contact with Mr. Barbeau, his desire to have additional time to work with me on his defense, and the time needed to prepare mitigation brings me to the conclusion I must request a continuance of his case for trial and for presentation of motions.

Of the cases that presented time conflicts when I accepted appointment on the Barbeau matter two were resolved without trial.  Instead several cases I anticipated would not go to trial did resulting in the list given in the endnotes.

If the Barbeau matter is continued to a date in 2017 I will only be engaged in the defense of State v Ivanov and State v Lopez Leon (trial court may allow trial after December 2) if my present schedule and efforts to free up the next 65 days is successful. I will avoid reoccurrence of

**DEFENDANT'S MOTION
TO CONTINUE TRIAL DATE            4**

the time to prepare problem by not accepting new cases until after the Barbeau matter is resolved.

Surely the government is not prejudiced in its prosecution by the requested continuance.

Subscribed and sworn to this 28th day of September, 2016 in Shoreline, Washington

/S/   *Walter O. Peale*
Walter O. Peale WSBA 7889

ENDNOTES

[1] Case 2:15-cr-00391-RAJ Document 41 Filed 04/27/16

[2] RCW 10.95.030

[3] RCW 10.95.040

[4] Snohomish County Superior Court No. 16-1-01810-31, order dated September 6, 2016, signed by Judge Ellis

[5] http://www.courts.wa.gov/appellate_trial_courts/supreme/clerks/?fa=atc_supreme_clerks.display&fileID=attorney

[6] SPRC 2 Appointment of counsel, Washington Special Proceedings Rules – Criminal, http://www.courts.wa.gov/court_rules/?fa=court_rules.rulesPDF&groupName=sup&setName=SPRC

[7] RELEVANT CASES FROM APRIL 19, 2016 TO DATE:

State v Beck -Class A, October 2015; State v Thomas (persistent offender 2 strike case) -November December – January; State v Lopez – Leon -Class A, March; State v Henderson -Murder, May – June; State v Krentkowski, Murder, July – August; State v Hem, Murder -August -September; State v Whitfield, robbery first degree -September; State v Webb, Class A- May, guilty plea day of trial; State v Tyler -Class A, assigned to trial resolved on day of trial June; State v Tusken, Class A, guilty plea after 1 year;

**DEFENDANT'S MOTION
TO CONTINUE TRIAL DATE            5**

State v Tolbert, Murder resolved 2 days before trial to commence -September; State v Alexander, Assault First Degree with a firearm assigned to trial withdrew due to conflict of interest day of trial -July State v Ivanov, Aggravated Murder pending death notice current preparation of mitigation for consideration by County Prosecuting Attorney due date December 2, 2016; US v Berrelleza-Verduzco, Appeal to 9th Circuit Argued and submitted June 8, 2016; State v Dubois, Personal Restraint Petition 16 Additional cases managed and closed during the past 5 months, 10 cases pending, none expected to go or not yet set for trial.  Not accepting any new case assignments.

CERTIFICATE OF SERVICE
    The undersigned hereby certifies that he is attorney of record for the Defendant and is a person of such age and discretion as to be competent to serve papers;
    It is further certified that on September 29, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants.

/s/     Walter O. Peale
Walter O. Peale
15803 8th Ave NE
Shoreline, WA 98155
T. (206)906-9112 / F. (206)453-4395
walter.peale@pealelaw.net

**DEFENDANT'S MOTION**
**TO CONTINUE TRIAL DATE**           6