Judge Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>SCHUYLER PYATTE BARBEAU,<br><br>Defendant. | NO. CR15-391RAJ<br><br>**GOVERNMENT'S OPPOSITION TO MOTION TO CONTINUE TRIAL**<br><br>(Noted: October 7, 2016) |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Thomas M. Woods, Assistant United States Attorney for said District, respectfully opposes Barbeau's third motion to continue the trial.

## BACKGROUND

On December 6, 2015, Barbeau was arrested in this matter. He had given a confidential informant a firearm to sell. The firearm operated as a machine gun and also constituted a short-barreled rifle. Barbeau had not registered the firearm at any point.

The initial trial date was February 16, 2016. On January 6, 2016, the defense moved to continue, and the Court granted the motion, resetting the trial date to May 2, 2016.

Government's Motion i*n Limine*
(United States v. Barbeau, CR15-391RAJ) - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  On February 23, 2016, the defense filed motions seeking (1) to dismiss the indictment on Second Amendment and Commerce Clause grounds; (2) to permit a justification defense; and (3) to require the government to prove that Barbeau knew that it was illegal to fail to register the firearm. In its motions, the defense stated: "There is no dispute that Mr. Barbeau knowingly possessed the . . . firearm or that he was aware of its basic characteristics (short barreled rifle and fully automatic)." Dkt. 24 at 2. The defense further stated: "If the Court determines that his offer of proof is insufficient to warrant a necessity defense and also denies Mr. Barbeau's other pretrial motions, then he will likely request a stipulated facts trial in order to preserve his issues for appeal." *Id.* at 3. On March 16, 2016, the Court denied the defendant's motions in full. Dkt. 35.

On April 5, 2016, the Court permitted Barbeau to change counsel. As a result, the defense sought a second continuance. The Court granted an approximately seven-month continuance, resetting the case for trial on November 7, 2016, the current trial date. The government has planned on this trial date, and, among other things, has arranged for two out-of-town witnesses to appear on that date.

## **ARGUMENT**

The defense now seeks a third continuance, a trial date that would be some fourteen months after the defendant was arrested. To put the delay in perspective, at the time of Barbeau's arrest, the Oregon National Wildlife Refuge standoff, orchestrated by Barbeau's cohorts, had not even started. The entire standoff and resulting trial will have concluded by the current trial date, let alone the new date sought by the defense.

In a case where "[t]here is no dispute that Mr. Barbeau knowingly possessed the . . . firearm or that he was aware of its basic characteristics (short barreled rifle and fully automatic)," there is no need for additional delay. In its motion, the defense states that additional time is needed because "Barbeau's defense presents many theories relating to the application, validity and interpretation of constitutional and statutory law." This case presents no such complexity. The Court already has rejected Barbeau's Second

Government's Motion i*n Limine*
(United States v. Barbeau, CR15-391RAJ) - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Amendment and Commerce Clause challenges.  A review of Barbeau's jailhouse communications reveals that he fervently believes that the National Firearms Act is unconstitutional and/or otherwise inapplicable to him.  The settled law says otherwise, as reflected by the authorities cited in the Court's previous order.  At the hearing on this motion, the government recommends that the Court inquire *ex parte* whether the defense really has any undecided legal arguments to present, and why they cannot be presented by the current trial date.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the motion to continue.

DATED:  September 29, 2016

                                                        Respectfully submitted,

                                                        ANNETTE L. HAYES
                                                        United States Attorney

                                                        *s/ Thomas Woods*
                                                        THOMAS WOODS
                                                        Assistant United States Attorney
                                                        United States Attorney's Office
                                                        700 Stewart Street, Suite 5220
                                                        Seattle, Washington 98101-1271
                                                        Telephone: (206) 553-7970

Government's Motion i*n Limine*
(United States v. Barbeau, CR15-391RAJ) - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Western District of Washington and is a person of such age and discretion as to be competent to serve papers;

It is further certified that on September 29, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants.

   s/ Thomas M. Woods
THOMAS M. WOODS
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-7970
Fax:   (206) 553-0755
E-mail: thomas.woods2@usdoj.gov

Government's Motion i*n Limine*
(United States v. Barbeau, CR15-391RAJ) - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970