The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>SCHUYLER PYATTE BARBEAU,<br><br>Defendant. | NO. CR15-391 RAJ<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND FOR RETURN OF PROPERTY** |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, Todd Greenberg, Assistant United States Attorney for said District, and Jessica Manca, Special Assistant United States Attorney for said District, respectfully responds to the defendant's Motion to Suppress Evidence and for Return Property (Dkt. No. 85).

Barbeau's Motion appears to seek two types of relief: (a) The suppression of nearly all of the seized evidence in this case, based upon alleged Fourth Amendment violations; and (b) the return of the seized evidence pursuant to Rule 41(g). The motion to suppress should be denied in full because, as discussed below, all of the evidence in this case was lawfully seized either pursuant to federal search warrants or under clearly applicable exceptions to the warrant requirement. The motion for return of property also

Government's Response to Defendant's Motion to Suppress Evidence
and for Return of Property - 1
*United States v. Barbeau*, CR15-391 RAJ

should be denied because it is premature – all of the seized evidence was lawfully seized and constitutes evidence relevant to both the guilt and sentencing phases of this pending criminal case.  At the conclusion of the case, the government will engage with Barbeau regarding what property can be returned to him, and he will have the ability to file another motion for the return of property (if necessary) at that time.

## BACKGROUND

Beginning on or around October 19, 2015, Barbeau arranged to sell a short-barreled rifle (which was also a machinegun) to a third-party buyer for $5,000.00, through a Confidential Human Source ("CHS"). Barbeau gave the rifle to the CHS to be sold. Instead of facilitating the sale, the CHS gave the rifle to the Federal Bureau of Investigation (FBI) on November 22, 2015. Complaint ¶¶ 7-16 (Dkt. No. 1). When the FBI took custody of the rifle, it was inside a "Pelican Gun Case," and the case included ammunition, rifle magazines, and one additional rifle barrel.

On December 6, 2015, Barbeau was arrested, pursuant to an arrest warrant, for unlawful possession of a short-barreled rifle. Exhibit 1. Before his arrest, the FBI had received information about Barbeau's activities that raised significant concern for public safety generally, and for officer safety specifically. *Id.* ¶¶ 5-6, 12.

When Barbeau was arrested, he was driving in a vehicle with Allen Aenk. Both Barbeau and Aenk were detained at the scene. At the time of his arrest, Barbeau had a loaded pistol on his hip and a knife attached to his waistband, which the FBI seized without incident.

At the time of Barbeau's arrest, FBI agents had already obtained a search and seizure warrant for Barbeau's cell phone. At the scene of the arrest, an agent asked Barbeau about his phone, and Barbeau indicated that his cell phone was in a dufflebag that he set down on the roof of the vehicle shortly before his arrest. The agent asked Barbeau if he could verify that the phone was in Barbeau's bag, and Barbeau said, "Fine." The agent retrieved Barbeau's Motorola Droid Turbo cell phone from the bag and the FBI searched that phone pursuant to the warrant. Exhibits 2, 5.  FBI agents then

Government's Response to Defendant's Motion to Suppress Evidence and for Return of Property - 2
*United States v. Barbeau*, CR15-391 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    searched the vehicle that Barbeau had occupied and recovered a tactical vest with body
2    armor.[1]

3          While Barbeau was being arrested, federal and local law enforcement officers
4    were simultaneously executing a search warrant on the Aenk's property, where Barbeau
5    was living at the time. Exhibit 3. While executing that search warrant, investigators
6    seized the following items from Barbeau's trailer:

7    - One (1) plastic bag containing .223 ammunition;

8    - Seven (7) loaded .223-caliber rifle magazines;

9    - One (1) Motorola Droid RAZR mobile phone, Model XT912;

10   - One (1) nylon bag containing a crimping tool and tape;

11   - Documents of dominion and control in Barbeau's name, including a Verizon
12     bill, government identification cards, and a record book.

13   Investigators also seized two plastic containers from Barbeau's vehicle (one large and
14   one small), both of which contained firearm accessories.

15         From their investigation, FBI agents knew that Barbeau had used his mobile
16   phone(s) to take photographs of the short-barreled rifle at issue in this case. Based on this
17   information, FBI agents applied for and obtained search warrants for both of Barbeau's
18   mobile phones. Exhibits 2, 4-5.  Both of the Motorola phones contained photographs of
19   the rifle.

20         At this time, the United States anticipates admitting the following items of
21   physical evidence at trial:

22         (1) One AR-15 rifle with a 10.5 inch barrel and drop-in auto sear;

23         (2) One Motorola Droid Turbo cell phone;

24         (3) One Motorola Droid RAZR cell phone, Model XT912.

25

26   ─────────────────────
27   [1] The government believes that this is the item Barbeau refers to as a "Plate Carrier." *See* Mot. to Suppress Evidence
28   at 1 (Dkt. No. 85).

Government's Response to Defendant's Motion to Suppress Evidence
and for Return of Property - 3
*United States v. Barbeau*, CR15-391 RAJ

The government also intends to offer photographs of the rifle that were found on Barbeau's phones. Some of those photographs also depict Barbeau's tactical vest, pistol, and other firearms accessories, because Barbeau often photographed those items together.

## ARGUMENT

### I.   MOTION TO SUPPRESS EVIDENCE

With respect to his motion to suppress evidence, Barbeau has the burden to establish that his Fourth Amendment rights were violated by the seizure. *United States v. Caymen*, 404 F.3d 1196, 1199 (9th Cir. 2005). When evidence is seized without a warrant, it is the government's burden to show that an exception to the warrant requirement applies. *United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001).

Barbeau's motion to suppress should be denied in full because all of the evidence in this case was lawfully seized either pursuant to federal search warrants or under clearly applicable exceptions to the warrant requirement.

### A.  Evidence Seized in Plain View.

The short-barreled AR-15 rifle and associated items (the gun case, flash suppressor, magazines, ammunition, and long AR-15 barrel) were seized from the possession of the CHS as items of contraband and evidentiary value in plain view. Complaint ¶¶ 15-16 (Dkt. No. 1.); *see also Horton v. California*, 496 U.S. 128, 133 (1990).

### B.  Evidence Seized During a Search Incident to Arrest.

Barbeau had a loaded .45-caliber pistol and a folding knife on his person when he was arrested; therefore, these items were properly seized during a search incident to arrest. *Chimel v. California*, 395 U.S. 752, 762-63 (1969) ("When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape"). Barbeau's duffle bag (and all of the property inside of it) was in his hand at, or immediately preceding, the moment of his arrest and was also properly seized incident to

Government's Response to Defendant's Motion to Suppress Evidence
and for Return of Property - 4
*United States v. Barbeau*, CR15-391 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

his arrest. *Id.* at 763 (allowing law enforcement to search both the arrestee's person and the area "within his immediate control").

### C. Evidence Seized Pursuant to *Arizona v. Gant*.

Under *Arizona v. Gant*, 556 U.S. 332, 351 (2009), law enforcement officers may search a vehicle incident to its occupant's arrest if it is reasonable to believe the vehicle contains evidence of the offense of arrest. The FBI knew that Barbeau frequently traveled with a rifle, body armor (tactical vest), and a helmet in his vehicle. Complaint ¶ 6 (Dkt. No. 1). It was therefore reasonable for them to believe that Barbeau's tactical vest was an item of evidentiary value and that it would be found inside the vehicle.[2]

### D. Evidence Seized Pursuant to a Search and Seizure Warrant.

The Motorola Droid Turbo cell phone was seized pursuant to a warrant that specifically authorized the officers to seize any cell phones in Barbeau's possession at the time of his arrest. Exhibit 2.

The Motorola Droid RAZR cell phone was seized pursuant to a search warrant that authorized officers to seize any items containing photographic evidence of the crimes listed in the warrant. Exhibit 3. As noted above, in this case the officers had probable cause to believe that Barbeau used cell phones to photograph the short-barreled rifle and to store photographs of the rifle. Importantly, the officers initially only seized the RAZR phone and subsequently obtained a separate warrant authorizing it to be searched for evidence. Exhibit 4.

The ammunition and plastic containers containing firearms accessories were all seized pursuant to a warrant that expressly authorized the seizure of such evidence. Exhibit 3; *see also United States v. Beusch*, 596 F.2d 871, 877 (9th Cir. 1979) (permitting

---

[2] Because the FBI agents also had information suggesting that Barbeau possessed explosive materials, the search of the vehicle was also justified under the exigent circumstances and officer safety exceptions to the warrant requirement.

Government's Response to Defendant's Motion to Suppress Evidence and for Return of Property - 5
*United States v. Barbeau*, CR15-391 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  law enforcement to seize and search "evidence reasonably related to the purposes of the

2  search").

3       Each Motorola cell phone was ultimately searched pursuant to a warrant. Exhibits

4  2, 4-5.

5  **II.    MOTION FOR RETURN OF PROPERTY**

6       Barbeau's motion for return of property should be denied because it is premature.

7  All of the seized evidence constitutes evidence relevant to both the guilt and sentencing

8  phases of this pending criminal case, and therefore the government is entitled to retain the

9  property until it is no longer needed as evidence. *United States v. Mills*, 991 F.2d 609

10 (9th Cir. 1993) ("[A] Rule 41[g] motion is property denied if . . . . the government's need

11 for the property as evidence continues.").  At the conclusion of the case, the government

12 will work with Barbeau regarding what property can be returned to him, and he will have

13 the ability to file another motion for the return of property (if necessary) at that time.[3]

14 //

15 //

16

17

18

19

20

21

22

23

24

25 _____

26 [3] For the same reasons, Barbeau's request to inspect the seized evidence under Rule 16(a)(1)(E) should be denied as
   premature.  According to his Motion, Barbeau seeks to conduct this inspection in order to gain a better
27 understanding of the total universe of property that should be returned to him.  At the conclusion of the case – when
   the property is no longer needed for evidentiary purposes – the government will work with Barbeau to ensure he has
28 a full understanding of the seized property.

Government's Response to Defendant's Motion to Suppress Evidence
and for Return of Property - 6
*United States v. Barbeau*, CR15-391 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

## **CONCLUSION**

2        All of the evidence in this case was lawfully seized, and the items of evidence

3   cannot leave FBI custody before the criminal matter is resolved. For the foregoing

4   reasons, Barbeau's Motion to Suppress Evidence and Return Property should be denied.

5

6        DATED:  May 12, 2017

7                                                   Respectfully submitted,

8                                                   ANNETTE L. HAYES

9                                                   United States Attorney

10

11                                                  */s/ Jessica M. Manca*

12                                                  JESSICA M. MANCA
                                                    TODD GREENBERG

13                                                  Assistant United States Attorneys

14                                                  United States Attorney's Office
                                                    700 Stewart Street, Suite 5220

15                                                  Seattle, Washington 98101
                                                    Phone:  (206) 553-5041

16                                                  Fax:  (206) 553-0882

17                                                  Email:  Jessica.Manca@usdoj.gov

18

19

20

21

22

23

24

25

26

27

28

Government's Response to Defendant's Motion to Suppress Evidence
and for Return of Property - 7
*United States v. Barbeau*, CR15-391 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

## CERTIFICATE OF SERVICE

2       I hereby certify that on May 12, 2017, the foregoing document was filed with the

3  Clerk of the Court using the CM/ECF system, which will send notification of such filing

4  to all registered parties. I further certify that, on the same date, a copy of this motion was

5  mailed to Schuyler Barbeau, defendant *pro se*, at the following address:

6           Federal Detention Center - SeaTac
            Reg: 46153-086 Unit: DB
7           P.O. Box 13900
8           Seattle, WA 98198-1090

9

10                                          */s/ Jessica Manca*
11                                          JESSICA MANCA
                                            Special Assistant United States Attorney
12                                          United States Attorney's Office
                                            700 Stewart Street, Suite 5220
13                                          Seattle, Washington 98101
                                            Phone:  (206) 553-5041
14                                          Fax:   (206) 553-0755
15                                          E-mail:  Jessica.Manca@usdoj.gov
16

17

18

19

20

21

22

23

24

25

26

27

28

Government's Response to Defendant's Motion to Suppress Evidence
and for Return of Property - 8
*United States v. Barbeau*, CR15-391 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970